[No. 11300. Department One. December 5, 1913.]

AUGUSTUS H. HOLCOMB, *Appellant*, v. FLORENCE E. HOLCOMB, *Respondent*, CHARLES K. McCOY, *Cross-Appellant*.[2]

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 30, 1912, upon findings in favor of the defendant, granting a divorce upon a cross-complaint. Affirmed.

*Herbert E. Snook*, for appellant Augustus H. Holcomb.

*F. E. Knowles*, for appellant McCoy.

*Tucker & Hyland*, for respondent.

MAIN, J.—The title of this action indicates its purpose.

The plaintiff in his complaint, as a ground for divorce, alleges facts tending to show incompatibility of temperament and prays for a decree of divorce. The defendant appeared and filed a cross-complaint in which she charged the plaintiff with cruel treatment, and alleged that certain real property was held by herself and the plaintiff under a contract of purchase from one Charles K. McCoy. She prayed for a decree dissolving the bonds of matrimony and that the community property should be awarded to her. By the cross-complaint, Charles K. McCoy was made a party to the action

[1]Reported in 136 Pac. 1146.

[2]Reported in 136 Pac. 1199.

and appeared by answer, in which he alleged that the rights of the plaintiff and defendant under the contract of purchase had been forfeited and terminated.

The cause was tried to the court without a jury. At the conclusion of the trial, the court entered a judgment in favor of the defendant upon her cross-complaint, and decreed that she be awarded certain community property, which consisted of the contract of purchase from McCoy and certain household furnishings. It was also adjudged that the contract had not been forfeited or terminated.

The only questions here for determination, as in the superior court, are those of fact. The trial court found the facts to be substantially as alleged by the defendant in her cross-complaint. A detailed review of the evidence could serve no possible useful purpose. It is sufficient to say that a reading of the transcript of the testimony, as contained in the statement of facts, demonstrates that the conclusion of the trial court was right.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.